ACCEPTED
04-15-00338-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/27/2015 11:57:42 PM
KEITH HOTTLE
CLERK

# IN THE FOURTH COURT OF APPEALS FOR THE STATE OF TEXAS

## NO. 04-15-00338-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

10/27/2015 11:57:42 PM

KEITH E. HOTTLE
Clerk

ARTHUR BUTCHER,

Appellant,

V.

CITY OF SAN ANTONIO,
THROUGH ITS AGENT,
CITY PUBLIC SERVICE
BOARD OF SAN ANTONIO,
d/b/a CPS ENERGY,

Appellee.

---

## APPELLANT'S AMENDED BRIEF

---

No oral arguments requested.

SAMUEL C. BEALE
STATE BAR No.01952380
5821 SOUTHWEST FREEWAY
HOUSTON, TEXAS 77057
TEL 281.664.6400
FAX 281.664.6423
ATTORNEY FOR APPELLANT

ARTHUR BUTCHER

# INDEX OF AUTHORITIES

## CASES

CASES          PAGE

*Bernard v. Gulf Oil Corp.,*
890 F.2d 735, 745 (5th Cir. 1990), *cert. denied*, 497 U.S. 1003...............13

*Brown v. CSC Logic, Inc.*
82 F. 3d 651,654, (5th Cir.1996).................................................................11

*Caballero v. Cent. Power & Light Co.,*
858 S.W. 2d 359 (Tex.1993).....................................................................12

*Davis v. Chevron U.S.A., Inc.,*
14 F.3d 1082, 1087 (5th Cir. 1994).........................................................14

*Doe v. U.S. Postal Serv.,*
317 F.3d 339,343 (D.C. Cir. 2003).........................................................16

*EEOC v. Louisiana Office of Community Servs.,*
47 F.3d 1438, 1443 (5th Cir.1995)...........................................................13

*Elgaghil v. Tarrant County Junior College,*
45 S.W.133,139(Tex. App.—Fort Worth 2000)......................................13

*Ewald v. Wornick Family Foods Corp.,*
878 S.W.2d 653,658 (Tex. App.—Corpus Christi 1994, writ denied)..........12

*Hopkins v. Andaya,*
958 F.2d 881, 888 (10th Cir. 1992)..........................................................15

*Mackey v. U.P. Enters., Inc.,*
935 S.W.2d 446,455 (Tex. App.—Tyler 1996, no writ).........................12

*McDonnell Douglas Corp. v. Green,*
411 U.S. 792,802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668(1973)...............*passim*

*Mickelson v. New York Life Ins. Co.,*
460 F.3d 1304 (10th Cir. 2006).................................................................14

iii

Tex. Labor Code Ann. § 21.051711 Vernon 1996]

## RECORD REFERENCES

The record consists of one volume on a disc of the Clerk's Record. The references will be cited as "CR", followed by applicable page numbers.

Abbreviations:

"Appellant" refers to Appellant Arthur Butcher, the Plaintiff in this matter in the trial court.

"Appellee" refers to City of San Antonio, through its agent, City Public Service d/b/a CPS Energy, Defendant in this matter in the trial court.

## STATEMENT OF CASE

Appellant, Arthur Butcher is a 50 year old African American.(CR 104). He brought suit after filing an complaint with the Texas Workforce Commission Human Rights Division against his employer, CPS Energy, for race, color, and age discrimination and retaliation in violation of Chapter 21.001 *et seq.*, of the Texas Labor Code.(CR: 9). His claim is founded in the fact that he was not even allowed to apply for a position he which he had 13 years of experience (CR:149). The Appellee, City of San Antonio, through its agent, City Public Service d/b/a CPS Energy, filed an answer (CR: 37) which consisted of a general denial, special exceptions, and defenses. Appellee filed a Rule 91a Partial Motion for Dismissal and Plea to the Jurisdiction (CR: 18) attacking the historical references to 2006 and 2007, in addition, to challenging the retaliation claim and age claim, in the Appellant's charge and petition. The Plaintiff did not respond to the motion dismissal. Judge Janet Littlejohn of the 150th District Court, granted the motion (CR: 68). Appellant signed the findings of fact and conclusions of law submitted by the Appellee to Judge Littlejohn, relevant to the Rule 91a Motion for Partial Dismissal (CR: 62). After limited discovery, the Appellee, then filed a Rule 85 Plea to the Jurisdiction, or in the alternative Rule 166a Traditional &No Evidence Motion for Summary Judgment (CR: 73) that included excerpts from Appellant's deposition (CR: 94-125). The Plaintiff responded (CR: 163) with summary

1

## STATEMENT ON ORAL ARGUMENT

Appellant does not request oral argument.

## ISSUES PRESENTED

Issue 1: The trial court erred in granting summary judgment on appellant's discrimination claims after appellant established a *McDonnell Douglas Corp. v. Green* prima facie case; he was not required to show race was the" motivating factor" he need only to show an "inference" to defeat summary judgment.

Issue 2: The trial court erred in granting the summary judgment after the plaintiff's prima facie case and the failure of the employer to meet the burden of offering a non pre textual explanation after an "inference'.

## STATEMENT OF FACTS

Plaintiff Arthur Butcher is an African-American over the age of 40. He has a Bachelor of Science in Mechanical Engineering, from the University of Texas at Austin and holds a Professional Engineer's ("P.E".) license (CR:182) He had been employed by Defendant, City of San Antonio's CPS Energy, since 1991 as a Professional Engineer charged with management of Gas and Coal resources. (CR: 182). In 2006, after thirteen years with outstanding evaluations (CR:248-271), he was posted in different areas to "expand his knowledge of the critical functions of CPS." (CR:183). He was replaced by another employee Barry Williams (CR: 129). In 2012, after five years, Williams retired.(CR: 129). The reality was that only two people had performed in the position in 18 years (CR:184-185). Plaintiff Butcher for 13 years and Serna for five. When Butcher became aware that the position, Mr. Werner was made aware he attempted to apply (CR: 130) The unit declined his application citing a "intra department hiring policy."(CR:136) (Appendix Tab A). The Plaintiff pointed out that while he had been moved to another department, he continued to assist Williams (CR:184) (CR:226). Plaintiff was directed to Human Resources, when he complained (CR:133). The HR people asked why not expand the talent pool by opening the position to the entire company. The response was that the job was going to be filled by one of the sixty one (61) person department.(CR:133) (Appendix Tab C). Since Plaintiff was no longer in

5

the same unit with the Appellant.(CR:190) Appellee's employees, Mark Werner and Richard Pena, submitted a Non Budgeted Position Request form (CR:136) (App. Tab A). They referenced a fictitious " economic reorganization" rationale, but were informed by Ms. Ginette Ramirez, the Manager of O&M Budget Analysis that the "Position was in the staffing budget." (CR:136) (App. Tab A). The intra departmental decision came in an email a week after the positon was in the staffing budget for CPS.(CR:139) (Appendix Tab D). Mark Werner proposed to Jannifer Lassiter; "Who do Angie and I talk to understand how to conduct the Departmental Internal Posting for the Manager – Coal and Rail Position" (CR:139) (App. Tab D). The Appellant in his affidavit (CR:186-187) in response to the Appellee's motion for summary judgment from which he appeals, raised the contradiction and created an "inference" of discrimination. Appellant in his response to the Defendant's motion for summary judgment, dissects the qualifications required in the job description in the last posted opening. (CR:184-187). The Appellant demonstrates by clear and convincing evidence (CR136) (App. Tab A). that his ineligibility to even apply for the position as posted, was based on a pretextual reason (CR:139) (App. Tab D). The point by point analysis shows by the posted requirements for; (1) education, (2) experience, (3) leadership, (4) industry knowledge, and (5) responsibility; were met and exceeded by Appellant.(CR:150) (App. Tab B). Defendant CPS effectively prevented the Appellant from applying

7

for the position for which he was eminently qualified. (App. Tab B). The intradepartmental policy was used to deny the Appellant from consideration in 2012.

## SUMMARY OF THE ARGUMENT

Under a modified *McDonnell Douglas* version of burden shifting analysis, Appellant established a prima facie case of employment discrimination and raised an "inference"of discrimination. The Appellee's articulated reason for its decision to intra departmentally post the position sought by the Appellant is diametrically contradicted by the Appellee's own summary judgment , taken as a whole, creates a fact issue as to whether the reason stated by the employer was not what actually motivated the employer. The reasons, articulated by Appellee, of intra departmental policy circumstance and "reorganization" are pretextual and discriminatory on their face. The Appellee's employees, Werner and Pena, acted in concert (CR:139) (App. Tab D) to deny the Appellant the opportunity to apply for the position of Manager Coal and Rail. This conduct was committd after being told the position was eligible and budgeted for staffing and the "non budgeted" request was not proper.(CR:136) (App. Tab A). These proffered explanations create a reasonable inference, of a cover up of the fact, that race and/or age, were determining factors in the actions about which the Appellant is complaining. The

8

Appellant established more than a scintilla of evidence, and an inference of discrimination to establish a prima facie case.

## ARGUMENTS AND AUTHORITIES

Issue 1: The trial court erred in granting summary judgment on appellant's discrimination claims after appellant established a *McDonnell Douglas Corp. v. Green* prima facie case; he was not required to show race was the" motivating factor" he need only show an "inference" to defeat summary judgment.

Under McDonnell Douglas, to establish his prima facie case, the plaintiff need not prove that discrimination was the motivating factor in his dismissal. All he must do is raise an inference that such misconduct occurred. Here the rejection of the Appellee's Manager of O&M Budgets declaration that the position is in the staffing budget and no need for a Non Budget Request (CR:136)( Appendix TAB A) raises the inference,

The Appellant established the elements of a prima facie case while the trial court ignored the *McDonnell Douglas Corp. v. Green* shifting analysis in summary judgment proceedings.

The Appellants response to Appellees motion for summary judgment at (CR182) framed his prima facie case, to wit:

entitled to judgment as a matter of law. *See Ryland Group, Inc. v. Hood,* 924 S.W.2d 120,121 (Tex. 1996). In reviewing a summary judgment, the court must accept as true all evidence favoring the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985).

Under Chapter 21 of the Labor Code, it is unlawful for an employer to discriminate against an employee with respect to compensation or the terms, conditions or privileges of employment because of race, color, disability, religion, sex, or national origin. Tex. Labor Code Ann. § 21.051 (Vernon, 1996). This chapter also prevents retaliation by an employer against a person who files a charge of employment discrimination. *See id.* § 21,055(2).

The Texas Legislature modeled chapter 21 after federal law for the express purpose of carrying out the policies of Title VII of the Civil rights Act of 1964 and its subsequent amendments. *See id* § 21.001(1); *Soto v. El Paso Natural Gas Co.* 942 S.W. 2d 671, 677 (Tex. App.—El Paso 1997, writ denied) *Ewald v. Wornick Family Foods Corp.,* 878S.W.2d 653,658 (Tex. App.—Corpus Christi 1994, writ denied).Consequently, when reviewing an issue brought under chapter 21, the courts may look not only to cases involving the state statute, but the cases interpreting the analogous federal provisions. See *Caballero v. Cent. Power &*

*Light Co.*, 858 S.W. 2d 359 (Tex.1993); *Mackey v. U.P. Enters., Inc.*, 935 S.W.2d 446,455 (Tex. App.—Tyler 1996, no writ). When an individual infers discrimination from an employer's failure to promote him, Texas courts, [*See Elgaghil v. Tarrant County Junior College,*45 S.W.133,139(Tex. App.—Fort Worth 2000)]

as a mere pretext for unlawful discrimination. *See id.; Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1087 (5th Cir. 1994).

Issue 2: The trial court erred in granting the summary judgment

after the plaintiff's prima facie case and the failure of the employer

to meet the burden of offering a non pre textual explanation after an

"inference'

The Appellee misled the court and the Appellant by arguing in that Appellee's employees, Mark Werner and Richard Pena, sought permission to post the job, but were required to internally or externally because of budgetary concerns circumstances or reorganization.(CR:136) (Appendix Tab A). The only contemporaneous records (CR: 136) do not support the employers explanation of freeze circumstances or reorganization. *Mickelson v. New York Life Ins. Co.* 460 F.3d 1304 (10th Cir. 2006).The Appellee's own summary judgment evidence at (CR:136) from "Ginette Ramirez Mgr. O & M Budget and Analysis" states unequivocally ; "Position is in the staffing budget" on Jones on February 22, 2012. Despite the green light to staff he position in the internal and external tradition the Appellee's employee, Mark Werner, one week after having a Non Budget Request be declared as unnecessary, Mr. Werner was seeking a tutorial on developing an Department Internal Posting as documented in the email (CR:139)

13

(App.Tab D), . The trial court failed to accept as true all evidence court favoring the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *See Nixon* 690 S.W. 2d at 548-49.

Looking at the federal application of circumstantial evidence and inference, the Tenth Circuit provides a vivid quote from a well-known trial lawyer in the probative value of circumstantial evidence:

> "We better know there is a fire whence we see much smoke rising
>
> than we could know it by one or two witnesses swearing to it. The
>
> witnesses may commit perjury, but the smoke cannot..."

*Hopkins v. Andaya*, 958 F.2d 881, 888 (10th Cir. 1992) (*quoting* Abraham Lincoln).

"Inferences" both the reasonable ones required by Texas (*See Nixon* 690 S.W. 2d at 548-49); and found in federal courts interpreting the "mirror of chapter 21 of the Labor Code"- Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) are commonly described as "circumstantial evidence" support . "Inferences" in Title VII cases, are as capable of providing evidentiary support as "facts", which are commonly described as direct evidence. See *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S.711,714 n.3 (1983) (As in any lawsuit, the

14

plaintiff may prove his case by direct or circumstantial evidence."); *Doe v. U.S. Postal Serv.* 317 F.3d 339,343 (D.C. Cir. 2003)("[W]e generally draw no distinction between the probative value of direct and circumstantial evidence.")

"A 'smoking gun' showing discriminatory intent will rarely be found.... discrimination today generally takes subtler and less apparent forms...Hence circumstantial evidence of discrimination, e.g., a showing of pretext,(as in this case) can suffice to win a verdict ..." See, e.g., *Roebuck v. Drexel Univ.*, 852 F.2d 715 (3rd Cir. 1988) (internal citations omitted).

## CONCLUSION

Plaintiff has raised an inference, presented more than a scintilla of evidence, and raised a genuine issue of material fact, regarding his claims for discrimination. The explanation was pretextual. The only explanation for the actions of CPS is intentional discrimination. CPS falsified headcount circumstances, and ordered the Human Sources staffing personnel to "post intra departmentally". These actions denied the Appellant a fair and nondiscriminatory, opportunity for application and promotion as a member of a protected class, who was more qualified than the selectee. The employer used subjective qualifications and ignored the published criteria to deny the Appellant the right to apply to pursue his right to life, liberty, and happiness in a nondiscriminatory manner. The pretextual explanation was

15

unworthy of credence.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Arthur Butcher asks the Court to vacate the trial courts summary judgment in favor of Appellee and remand for a trial on the merits.

Respectfully Submitted,
/S/ Samuel C. Beale
SAMUEL C. BEALE
State Bar No.01952380
5821 Southwest Freeway, # 416
Houston, Texas 77057
Tel. 281.664.6400
Fax 281.664.6423
ATTORNEY FOR ARTHUR BUTCHER
APPELLANT

## RULE 9.4(i) CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), certify that the font is 14 point, and the number of words in this brief , excluding those matters listed in Rule 9.4(i)(1), is, 3008 words.

/s/ Samuel C. Beale
SAMUEL C. BEALE

## CERTIFICATE OF SERVICE

On October 27, 2015 pursuant to Rule 6.3 of the Texas Rules of Appellate Procedure, a copy of the Appellants Brief was served on Appellee by efiling and a copy was served by facsimile transmission at: **210-447-8036**

CHRISTINE E. REINHARD
STATE BAR No. 24013389
SCHMOYER & REINHARD
17806 INTERSTATE 10
SAN ANTONIO, TEXAS 78257


 /S/ Samuel C. Beale
SAMUEL C. BEALE

<u>**IN THE FOURTH COURT OF APPEALS FOR THE STATE OF TEXAS**</u>

## NO. 04-15-00338


ARTHUR BUTCHER,

Appellant,

V.

CITY OF SAN ANTONIO,
THROUGH ITS AGENT,
CITY PUBLIC SERVICE
BOARD OF SAN ANTONIO,
d/b/a CPS ENERGY,

Appellee.

---

**APPELLANT'S   APPENDIX**

---


SAMUEL C. BEALE
STATE BAR No.01952380
5821 SOUTHWEST FREEWAY
HOUSTON, TEXAS 77057
TEL  281.664.6400
FAX  281.664.6423
ATTORNEY FOR APPELLANT
ARTHUR BUTCHER

# APPENDIX

| DOCUMENT | TAB |
| --- | --- |

NON BUDGETED POSITION REQUEST FORM............................TAB A

ARTHUR BUTCHER RESUME...............................................TAB B

MANAGER COAL AND RAIL JOB POSTING...............................TAB C

E MAIL OF FEBRUARY 29, 2012..........................................TAB D

# TAB A

# Non-Budgeted Position Request Form

FORM REV 06.15.11 / TBL UPDATE 10/27/2011

CPS✿

| Date Submitted: | 22-Feb-12 | Position Effective Date: | 2/22/2012 |
|---|---|---|---|

## Reason for Request (See INSTRUCTIONS tab for reason definitions)

☐ ADDITIONAL: Provide justification for increased headcount. Quantitative reasons must be provided in the Justification /Comments Section below or attached.

☐ TEMPORARY: Provide justification

☑ EXCHANGE: Provide justification AND include position number to be exchanged.

☐ MODIFY: Provide justification AND include position number to be modified.

☑ FULL TIME

☐ PART TIME

## Employee Being Replaced (Exchange or Modify):

Barry Williams

| Employee #: | 46342 | Position Number to be Exchanged or Modified: | 2001349 |
|---|---|---|---|

## Position Attributes

| Grade Level: | 17 | | |
|---|---|---|---|
| Position Title: | Mgr Coal & Rail-Salaried | Emp Group: | Salaried |
| Direct Reports to: | Mark Werner | | |
| Business Unit: | Energy Development | | |
| Division: | Fuels and Hedging - 77001114 | | |
| Department: | Fuels and Hedging - 77001114 | | |
| Section Position Reports to: | Energy Market Fuels Analysis - 77000059 | | |
| Cost Center: | 6895 | | |

| Personnel Risk Assessment (PRA) Status: (See Instructions) | ☑ Non-Critical (Standard) | ☐ NERC | ☐ NERC/ERCOT | |
|---|---|---|---|---|
| Drug Pool Status: (See Cell Comment or Instructions Sheet) | ☑ Non-Mandated | ☐ FMCSA | ☐ PHMSA | ☐ FMCSA & PHMSA |

## Justification / Comments: (Attach additional sheet if needed)

The position will fill the position vacated by the retirement of Barry Williams on June 1, 2011. The position is responsible for negotiation, development, management and administration of contracts for coal supply from 4 mines forming two stockpiles of coal, two railroad contracts, one railcar lease totalling approximately $300 million annually, along with oil as required. One person will be supervised by the Manager. Filling the position has waited on resolution of the Energy Development Organization. Although that is not complete, we are now prepared to move forward with this position on an individual basis, as it will not be impacted by the reorganization. The position will be filled but not backfilled, so it does not result in an increased headcount. As such, we request an internal posting for 5 days only. "Position is in the staffing budget. Ginette Ramirez, Mgr. O&M Budget and Analysis."

Richard Pena
_____
L4 or L5 Approval (Required for ADDITIONAL or EXCHANGE)     Date

Mark Werner
_____
L2 or L3 Approval (Required for TEMPORARY or MODIFY)     Date

| HRIS USE ONLY | Date Received: | Processed By: |
|---|---|---|
| | Date Processed: | Position #: |

# TAB  B

Resume Prepared March 2012

# Arthur Butcher

CPS Energy - 4th floor main office
(210) 353-2756
ajbutcher@cpsenergy.com

## OBJECTIVE

Highly motivated and experienced Manager seeks position as Manager of CPS coal and rail supply

## KEY QUALIFICATIONS

- 13 years experience managing CPS Energy coal and rail supply
- Creative and able to reduce cost and improve efficiency
- Proven history of producing results
- Strong negotiating skills
- Established strong and long-standing industry relationships
- Outstanding leadership, strategy development, and communication skills
- Highly familiar with existing contracts and area processes
- Proficient in Microsoft Office Package

## KEY ACCOMPLISHMENTS

- Successfully procured approximately 80 million tons of PRB coal and several hundred thousand tons of alternate fuels such as Laredo coal, overseas coal, and petroleum coke
- Maintained CPS coal prices at well-below market for 13 years
- Reconceptualized a long-term coal contract structure for CPS in 2005
- Developed and negotiated a 15-year, 82.5 Mton contract that CPS is using as its base coal supply through 2021. The contract is a mixed-pricing structure contract with flexibility and built-in provisions to ensure competitive pricing
- Instituted and implemented numerous measures to improve efficiency, reduce cost and/or improve reliability, including train swaps, enhanced analysis of inventory targets, new creative coal and rail contract mechanisms, and a new fuel management system
- Upgraded entire Steel Railcar fleet to light weight, high efficiency aluminum railcars

## WORK HISTORY

### September 2006 – present:
*Generation Planning and Research Manager*

- Lead strategic energy planning projects to provide high quality decision support recommendations to Senior Management
- Conduct research and provide technical and economic analyses on emerging energy resources such as solar thermal & PV, wind turbines, geothermal, biomass, municipal solid waste, landfill gas, hydro, and energy storage
- Generate Request for Qualifications and Request for Proposal packages that include Scope of Work and evaluation factors that are critical in the selection of qualified consultants for generation planning studies. Coordinates the creation and execution of Confidentiality Agreements to protect the intellectual property of CPS Energy and our counterparts
- Serve as field representative for consultant contracts with responsibility for ensuring contractor's work is completed within scope, schedule and budget




- Create and lead process improvement initiatives to allow for greater Integrated Planning & Research agility in areas such as ProMod & Strategist modeling, high level analysis for future resource option screening and sensitivity analysis
- Provide in-depth analyses on energy, fuels and emissions markets to support strategic energy planning initiatives
- Provide in-depth analyses on energy, fuels and environmental regulatory policies to support strategic energy planning initiatives
- Develop fuels and emissions forecasts as needed to support budget planning and energy resource analyses
- Serve as liaison between Fuels and Energy Strategy and Planning to ensure efficient, accurate, and timely integration of Fuels information into energy strategy planning
- Perform other duties as assigned

September 2006 – 2008:
_Generation Planning and Research Manager_
Provided support to Coal and Rail team, while assisting new Coal Manager in projects, responsibilities, and transition to new role

September 1993 – 2006:
_Coal Engineer and Senior Coal Engineer_
Managed CPS coal supply, rail supply, and emission markets
- Forecasted coal requirements, qualities and prices
- Developed strategies for managing CPS fuel supply and emission allowances
- Developed RFPs and negotiated contracts
- Managed Contracts, deliveries, inventories, and marketing of emission allowances
- Managed Personnel
- Represented CPS with NCTA and other industry organizations
- Performed other duties as assigned

## EDUCATION / LICENSES
UNIVERSITY OF TEXAS – AUSTIN,   _Austin, TX_          1990
**B.S. Mechanical Engineer**

License:  Professional Engineer in the state of Texas

## LEADERSHIP / VOLUNTEER / ASSOCIATIONS
- African American Culture Club
  - 2 year term as Education Chairman
- Current mentor for Communities in School
- Former mentor for Big Brothers Big Sisters
- Former member of CPS Diversity Council
- Former member of CPS Parking Committee
- United Way Campaign representative – 2010, 2011
- 2004 North Chamber Leadership Lab graduate
- North Chamber Leadership Lab Alumni Association
- Texas and National Society of Professional Engineers

242

# TAB C

*march 2012 Job Posting for manager of Coal & Rail*

02001349- Manager Coal & Rail

Job ID #: 1190

Location: San Antonio, Texas

Position Type: Full-Time Regular

Facility: Main Office-4th

Education Required: Bachelor Degree

Experience Required 3-5 years

Minimum Base Salary: $84,808.00

Grade: 17

Maximum base Salary: $135,692.00

Posting End Date: March 12, 2012

## Position Description:

Forecasts coal market prices and CPS Energy's requirements. Negotiation of contracts for coal, rail and railcars to provide coal as required and modifies contracts as needs change. Maintain to manage the contracts to provide coal as required by CPS Energy plants. Accounts for the deliveries, qualities, settles changes and track inventories, manages contracts for oil to be purchased, delivered and inventoried as needed.

## Working Environment:

Indoor work, operation computer, manual dexterity, talking, hearing, respective motion. Use of personal equipment, computer telephone, multifunction printer and calculator. Travel to and from meetings, training sessions or other business related events. After hours work may be required.

## Physical Demands:

Exerting up to 10 pounds of force occasionally, and/or a negligible amount of force frequently or constantly to lift, carry, push, pull or otherwise move objects. Sedentary work involves sitting most of the time.

## Position Requirements:

* Bachelor degree in Business Administration, Engineering or related field from an accredited University.

* Forecasts coal requirements, qualities and prices, in light of plant performance and regulations.

* Negotiates contracts and contract changes, monitors supply/demands, and coordinates deliveries to adjust for changes in deliver rates, dumper outages, coal qualities, plant performance and coal consumption.

* Accounts for deliveries, qualities, settles changes and track inventories.

* Manages contracts for oil to be purchased, delivered and inventoried as needed.

* Manages personnel.

* Represents CPS Energy with industry organizations including WCTL, NCTA.

244

* Performs other duties as assigned.

* 5 years experienced in RFP and /or contract negotiation with experience in coal and utilization.

* Ability to obtain and maintain a valid Texas driver's license and maintain a safe driving record in accordance with CPS polices, practices, procedures, safety standards and applicable law and regulations.

* Proficient in Microsoft Office Package, including word processing, spreadsheets, database, presentation software, electronic mail and scheduling.

* Proficient in Align software to support fuel delivery, quality, multiple inventories, consumption, strategic planning, settlement and accounting.

* Very important to this position are: analytical, negotiation, accuracy, critical thinking, reading comprehension, active listening, speaking, judgment and decision making, writing, detail, monitoring, management of personnel resources, presentations, objectives and coordination.

245

# TAB D

**From:** Lassiter, Jannifer J.
**Sent:** Wednesday, February 29, 2012 08:22 AM
**To:** Werner, Mark D.
**Subject:** Re: Departmental Internal Posting

Niki Raney, the manager. She can guide and walk us through the process. Angie can reach out to her.

**From:** Werner, Mark D.
**Sent:** Wednesday, February 29, 2012 08:20 AM
**To:** Lassiter, Jannifer J.
**Subject:** Departmental Internal Posting

Jannifer
Who do Angie and I talk to understand how to conduct the Departmental Internal Posting for the Manager - Coal and Rail Position?
Mark